IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: SARA MICHELLE TRAVIS,<br>Debtor. | )<br>)<br>)<br>) | CHAPTER 13<br><br>CASE NO. 08-71735 |

## MEMORANDUM DECISION

The matter before the Court is the fee application (the "Application")[1] of Debtor's counsel, Darren T. Delafield, Esq. ("Counsel"), for services rendered by him to his client in connection with a motion for relief filed on August 25, 2010 by his client's mortgagee within two weeks after the confirmation of a modified plan on August 13, 2010.[2] The Application has drawn the objection (the "Objection")[3] of the Chapter 13 Trustee, and the resulting contested matter, after being continued from its original hearing date to allow the parties an opportunity to narrow or even resolve their differences, was heard on January 10, 2011, and was taken under advisement. Since doing so the Court has considered the Application and the Objection, the representations and arguments made by the Trustee and Counsel, an updated time sheet offered by Counsel which is docketed as docket entry # 78, and other relevant docket entries reflecting the history of the case to date. Because the Court has concluded that Counsel has failed to carry his burden of proving that the legal services performed by him were actually necessary and for other reasons noted below, it will deny the Application.

---

[1] Docket entry # 72.

[2] The date of the confirmation hearing was August 9, 2010.

[3] Docket entry # 74. Reference is made to the Objection for a detailed statement of the issues raised by the Trustee in opposition to the Application.

FINDINGS OF FACT

The Debtor began this case by a petition filed under Chapter 13 of the Bankruptcy Code on September 8, 2008.  An initial Chapter 13 Plan was filed on the filing date.  An objection to confirmation was promptly filed on September 29, 2008 by counsel for Chase Home Finance, LLC ("Chase").  The issue was a simple and very common one – the Plan proposed to cure a mortgage arrearage of one month when the actual arrearage was for two months.  The confirmation hearing was set for November 10, 2008.  Confirmation of the initial Plan was denied but the Debtor was granted leave to file an Amended Plan, which Counsel did on November 20, 2008.  This Plan adopted the amount noted in Chase's Objection, which resulted in that pleading being withdrawn on January 7, 2009.  An order confirming the Amended Plan was entered that same day.  For his services thru that confirmation Counsel requested and was authorized to be paid compensation in the amount of $2,500 in the Amended Plan.

In 2010 the Debtor found that she was unable to pay both her required Plan payment and her mortgage payment, apparently as a result of the cumulative buildup of unpaid child support from her husband from whom it appears that she was separated.  According to representations made by the Trustee at the January 10 hearing, the Debtor came directly to her and said that she could not make both her Plan payment and her monthly mortgage payment.  The Trustee contacted Counsel and discussed with him filing an Amended Plan to suspend the Plan payment for the month of July and to reduce future Plan payments to a level more consistent with the Debtor's strained circumstances, a reduction in the amount of the existing wage deduction order, and a motion seeking a refund of some funds already received for the month of July from the Debtor's employer by virtue of the wage deduction order.  Counsel filed

an Amended Plan on July 2, 2010 so providing and the motion on July 30. The motion was granted and the Amended Plan confirmed at a hearing on August 9. The order granting the motion was entered the following day and the confirmation order was entered on August 13. The Amended Plan authorized an additional $500 in compensation to Counsel for his services. On August 25 Chase filed a motion for relief in which it represented that the Debtor's mortgage payments were unpaid for the months of June, July and August 2010. The Amended Plan did not take into account these delinquent mortgage payments although the reason that the Debtor was seeking modification of her existing confirmed Plan was that she was unable to handle both the Plan payment, which was coming directly out of her salary by virtue of the wage deduction order, and her mortgage payment. Although Counsel took strong exception at the January 10 hearing to the Trustee's suggestion that the former had not made appropriate efforts to deal with the mortgage payment deficiency problem, he made no representation that he made any effort when preparing the Plan to contact and confer with Chase's counsel, who had filed at the time of her original participation in the case a notice of appearance on the bank's behalf. The same attorney also filed the already noted motion for relief. The hearing on the motion for relief was continued two different times and was ultimately resolved by an agreed order entered on November 10, 2010 providing the Debtor a period of six months to make additional payments over and above her regular mortgage payment to satisfy the three month arrearage, which was never disputed, apparently for the very good reason that it was accurate. All of the pleadings and orders with respect to this motion for relief, other than an answer filed by Counsel on the Debtor's behalf on September 9, 2010, were drafted by Chase's counsel for whom compensation in the amount of $350 was provided in the agreed order.

On November 15, 2010 Counsel filed his Application seeking approval of additional compensation to him in the amount of $1,280. The Trustee objects to any compensation in excess of $250, which she represented to be customary for compensation for debtors' attorneys in uncontested relief from stay motions in Chapter 13 cases. At the January 10 hearing Counsel represented that he had met with his client and that they were in agreement for him to be paid additional compensation in the amount of $900 and therefore he was reducing his request to that amount.

Counsel is well known to the Court and although his bankruptcy case load is not as heavy as some of his colleagues, he has significant experience in representing Chapter 13 and other bankruptcy debtors. Neither the original nor the updated time sheet he filed with the Court in support of his Application discloses which of the time entries recorded reflect his own time and which of them may reflect a secretary's or paralegal's time. Many of the entries record services of a purely clerical nature, such as downloading electronic documents. Counsel has not provided to the Court time records for the work for which he has previously been allowed compensation in the amount of $3,000.

CONCLUSIONS OF LAW

This Court has jurisdiction over this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984. The determination of allowed compensation to a Chapter 13 bankruptcy debtor's counsel pursuant to 11 U.S.C. § 330(a)(4)(B) is a "core" bankruptcy proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). *See Harman v. Levin (In re Robertson)*, 772 F.2d 1150, 1153 n.3 (4th Cir. 1985).

Section 330(a)(4)(B) provides that the court "may allow reasonable compensation" to counsel for a Chapter 13 debtor "based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section." The "other factors" referenced are contained in § 330(a)(3), which reads as follows:

> In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3). In addition, bankruptcy courts "shall not allow compensation" for services involving "unnecessary duplication of services" or services that were not "reasonably likely to benefit the debtor's estate" or "necessary to the administration of the case." 11 U.S.C. § 330(a)(4)(A). Legal authority is quite consistent and this Court has repeatedly held that the burden is "upon the Debtor's counsel to prove that the services were actually rendered,

reasonable and necessary." *See In re Horne*, No. 04-01065, slip op. at 6 (Bankr. W.D. Va. July 12, 2006) (citing Barry Russell, *Bankruptcy Evidence Manual* § 301.41, at 821 (2006 ed.))[4]; *In re C & J Oil Co.*, 81 B.R. 398, 403 (Bankr. W.D. Va. 1987) (Krumm, J.); *see also Devan v. Simon Debartolo Group, L.P. (In re Merry-Go-Round Enterprises, Inc.)*, 180 F.3d 149, 157 (4th Cir. 1999) (holding that one who seeks allowance of an administrative expense has the burden of proving entitlement to same). This Court has previously noted its expectation that "experienced Chapter 13 debtors' counsel . . . ought . . . to be proactive rather than reactive in determining the amounts of secured arrearages which must be provided for in order for a Chapter 13 Plan to be confirmed." *In re Brighton*, No. 7-00-02054, slip op. at 6 (Bankr. W.D. Va. May 3, 2002).

## DECISION

The Court concludes that Counsel's pattern of representation in this case reflects a reactive rather than a proactive approach to handling his client's case. That same approach has been observed by the Court in other cases he has handled. While he is by no means alone in that regard, and to some degree a reactive approach is somewhat inherent and unavoidable in the nature of law practice, that approach nevertheless falls short of the Court's expectations for experienced Chapter 13 debtors' counsel with respect to matters of the kind at issue here. To be more specific, in this case Counsel learned on September 29, 2008 that the Plan he had filed failed to provide for the entire mortgage arrearage. The Plan could not be confirmed until that deficiency was corrected. Nevertheless, Counsel failed to take any action to file an amended Plan prior to the date of the confirmation hearing on November 10, approximately six weeks

---

[4] The current citation to this treatise authority is 2 Barry Russell, *Bankruptcy Evidence Manual* § 301:41, at 264 (2010-2011 ed.).

later.  If he had promptly conferred with his client and filed an amended Plan, it might have been heard and confirmed upon the original confirmation hearing date.  Because that did not happen, however, an unnecessary court hearing resulted and the confirmation process was delayed. Similarly, with regard to the specific services for which compensation is sought in the Application, Counsel knew or very clearly should have known at the time he filed the Amended Plan in July of 2010 that his client was behind in her post-confirmation mortgage payment obligations.  The Plan that he prepared, however, failed to take account of that deficiency and did not propose some arrangement or terms by which the mortgage might be brought current. There is no indication from anything which Counsel offered in support of the Application that he made any effort before filing that Amended Plan to confer with Chase's attorney about that arrearage and how it might be satisfactorily handled.  Had he done so, Chase's motion for relief and the need for the additional services for which Counsel now seeks to be paid might have been avoided entirely.  It should not be surprising that when the Debtor filed the Amended Plan which did not provide for the post-filing arrearage, Chase decided that it ought to ask relief from the stay to protect its interests.  At the time Counsel filed the 2010 Amended Plan he should have appreciated what was going to be necessary to save his client's case and home.  That Amended Plan provided an additional $500 in compensation to him which became an additional administrative expense of the estate borne ultimately by the unsecured creditors.  If that level of compensation was insufficient to compensate Counsel fully for all the services in prospect at that time which were needed to assist the Debtor in resolving her situation, that fact certainly was not the fault of the unsecured creditors.  Instead it must be laid at Counsel's own feet.

        There are other factors influencing the Court's decision.  The Trustee is right

down in the trenches dealing on a daily basis with compensation sought by Chapter 13 debtors' counsel with respect to services through plan confirmation and for additional services which frequently are necessary in many cases post-confirmation. While the Court does not give her a veto power over compensation sought by debtors' attorneys, her decision to object to compensation in particular cases is due appropriate respect and weight by the Court in making its decisions. Filing objections to compensation sought by debtors' attorneys is, to state the obvious, not something which tends to endear her to those attorneys and she derives no benefit from doing so other than hopefully the satisfaction of having done her duty to challenge such fee applications when she believes them to be unwarranted. The Court accords greater weight to the Trustee's experience and representations in such matters than it gives to the Debtor's agreement with her own attorney about what compensation he ought to receive.[5] The Trustee's decision to object to the Application was both justified and commendable.

It is the responsibility of applicants seeking court approval of compensation for professional services rendered to make clear what services are performed by the professional and which are provided by staff. Counsel's time sheets fail to do that. They also reflect services of a purely clerical or administrative nature which are not entitled to be compensated as professional services. Finally, they reflect significant time spent in preparing for hearings which the parties agreed to continue. Except in quite extraordinary situations, the Court follows the practice of granting agreed requests for continuances of hearings with respect to relief from stay motions and does not require counsel to appear to make such requests if it is advised prior to the hearings

---

[5] The Court notes that the Debtor is a nurse and there is no suggestion that she has any legal training or experience in evaluating compensation of attorneys.

that the parties have so agreed and will submit an order to such effect.  In this case Chase's own filing indicated the existence of significant equity in the Debtor's residence so it seems highly unlikely that its willingness to negotiate agreed terms for the resolution of its motion was ever in significant doubt.

Finally, the Court's careful examination of the history of this case, as reflected in its docket entries and the pleadings which have been filed during its course, satisfy the Court that Counsel has been fairly compensated for the services which he had provided in this case.  In any event he certainly has not met his burden to establish that he is entitled to more.  While the Court has no wish to injure Counsel's feelings or to anger him, it realizes that such may well be the case as a result of some of the observations made in this decision.  Rather it expresses the hope that his reflective consideration of the points made in this decision will make him a better, more efficient, and more successful lawyer than otherwise might be the case.  If that happens, he will gain far more than the value of the compensation sought in the Application.  The practice of law is ever a learning process, as indeed so is the work of judging, and may we all never cease to be open to new insights in the discharge of our various responsibilities.

A separate order embodying this decision will be entered contemporaneously herewith and will direct that copies of such order and this decision will be sent to the Debtor, Debtor's counsel, the Trustee and the Office of the United States Trustee.

DECIDED this 19th day of January, 2011.

_William F. Stone, Jr._
UNITED STATES BANKRUPTCY JUDGE